IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIO CLAIBORNE, No. 02227-424

Plaintiff,

vs.                                                             Case No. 15-cv-1183-DRH

JAMES N. CROSS, JR.,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Mario Claiborne is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"), located within the Southern District of Illinois. On October 26, 2015, Claiborne filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

### I.  Background

Claiborne ran a drug distribution business operating out of Chicago, Illinois

and Gary, Indiana from 1987 through 1991. He was arrested on June 14, 1991, and charged, pursuant to a thirty-seven count, superseding indictment, with violations of several provisions of Titles 18 and 21 of the United States Code, including 21 U.S.C. § 846 for attempting or conspiring to commit drug-related offenses, and 21 U.S.C. § 848 for engaging in a continuing criminal enterprise (CCE). *United States v. Claiborne*, 805 F.Supp. 601, 602 (N.D. Ill. 1992). After the plea agreement he entered into with the government was revoked, Claiborne was tried and convicted of 20 drug-related counts, including the conspiracy and CCE counts. He was sentenced to five concurrent life terms in addition to statutory maximum terms for the other counts. The additional terms were to run concurrently with the life terms. His appeal to the Seventh Circuit was denied, 62 F.3d 897 (7th Cir. 1995), as was his petition for writ of certiorari before the Supreme Court, 516 U.S. 1062 (1996).

Some nine months after the Seventh Circuit affirmed his conviction and sentences, Claiborne filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, alleging the prosecution in his underlying case withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Over a year later, he filed another motion for a new trial, also based on Rule 33 and similarly claiming the prosecution violated *Brady*. Both motions were denied by the district court.

On appeal, the Seventh Circuit determined that the district court had incorrectly labeled Claiborne's motions as Rule 33 motions. Instead, because

Claiborne filed his motions after the deadline for direct appeal had passed and invoked grounds for relief consistent with 28 U.S.C. § 2255, the court held that the motions were in reality collateral attacks under § 2255. The district court did not correctly identify the purported Rule 33 motions as such and, accordingly, did not notify Claiborne and allow him to withdraw the motions. Therefore, the Seventh Circuit ruled that Claiborne would not be viewed as having filed an initial § 2255 motion such that he was required to receive appellate approval to file a successive motion. However, in affirming the district court's ultimate decision on the motions, the court of appeals also held that Claiborne was not entitled "to another bite at the apple" because the time for seeking relief under § 2255 had expired. *See United States v. Claiborne*, 27 Fed.Appx. 671 (7th Cir. 2001).[1]

## II.   The Petition

Claiborne's petition focuses on his separate convictions and sentences under 21 U.S.C. § 846 for conspiracy and 21 U.S.C. § 848 for engaging in a CCE. His argument is primarily founded on the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996). In *Rutledge*, the Supreme Court held that where the "in concert" element of a CCE conviction is based on the same conduct that supports a § 846 conspiracy conviction, a separate conviction and sentence for both charges violates the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 307. Claiborne states that *Rutledge* is a statutory interpretation case and

---

[1] It is unclear whether Claiborne's prior mislabeled § 2255 motions were considered as such for the purposes of his filing subsequent petitions for writ of habeas corpus. Regardless, Claiborne is not entitled to relief on the habeas petition currently before this Court for the separate reasons discussed below.

applies retroactively, thus requiring that one of the aforementioned separate convictions and sentences be vacated.

### III. Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Claiborne does not challenge the duration of his confinement *per se*. Therefore, § 2241 does not readily appear to be the appropriate avenue for relief. The Seventh Circuit, however, has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Webster v. Daniels*, 784 F.3d 1123, 1135-36 (7th Cir. 2015).

The Seventh Circuit has explained that, in order to fit within the savings clause following its decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), a petitioner must show that (1) he relies on a new statutory interpretation case rather than a constitutional case, (2) he relies on a decision that he could not have invoked in his first § 2255 motion and that applies retroactively, and (3) there has

been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Claiborne's *Rutledge* argument does not satisfy the *Davenport* test. *Rutledge* is a constitutional case, concerning the validity of "double counting" under the Fifth Amendment and *not* a statutory interpretation case. Further, while *Rutledge* was issued in 1996 and so was unavailable to Claiborne before his 1993 conviction, the rule announced in *Rutledge* has not been made retroactive.

It is not clear, but Claiborne also appears to rely on the Supreme Court's decision in *Ball v. United States*, 470 U.S. 856 (1985). The decision in *Ball* having been issued prior to Claiborne's indictment, however, it too fails to satisfy *Davenport*. Therefore, Claiborne's § 2241 petition will be dismissed without prejudice.

## IV. Pending Motion

Claiborne filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) **IT IS ORDERED** that the motion is **GRANTED**.

## V. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth

the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

Signed this 13th day of November, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.11.13 16:28:40 -06'00'

**United States District Judge**